**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SITNET LLC,<br><br>                      Plaintiff,<br><br>    v.<br><br>META PLATFORMS, INC.,<br><br>                      Defendant. | 1:25-CV-06185<br><br>**PROTECTIVE ORDER**<br><br><br>**MEMO ENDORSED** |

JEANNETTE A. VARGAS, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing this action, it is therefore hereby:

**ORDERED** that any person subject to this Order–including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order–shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in discovery in this action) that is designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such material as consists of:

a.  financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sales margins) not previously disclosed to the public;

b.  material relating to ownership or control of any non-public company not previously disclosed to the public;

c.  business plans, product information, product development information, or marketing plans not previously disclosed to the public;

d.  any information of a personal or intimate nature regarding any individual; or

e.  any other category of information hereinafter given confidential status by the Court.

3.  The person producing any given Discovery Material may designate as Highly Confidential – Attorneys' Eyes only such material as consists of: extremely sensitive Confidential Information disclosure of which to another person would create a substantial risk of serious harm that could not be avoided by less restrictive means.

4.  The person producing any given Discovery Material may designate as "Highly Confidential – Source Code" only such material as consists of: extremely sensitive Confidential Information representing computer code and associated comments and revision histories and any detailed descriptions of software or algorithms similarly protected in the ordinary course of business, disclosure of which to another person would create a substantial risk of serious harm that could not be avoided by less restrictive means.

5.  With respect to Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion by stamping or otherwise clearly marking it as "Confidential," "Highly Confidential –

Attorneys' Eyes Only," or "Highly Confidential – Source Code" in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for such information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked with the appropriate confidentiality designation by the reporter.

6. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code under the terms of this Order.

7. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

a. the parties to this action;

b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d.      any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e.      any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f.      court reporters and their staff;

g.      professional jury or trial consultants including mock jurors who have signed a confidentiality agreement;

h.      vendors that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors, provided the vendor has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

i.      the Court and its support personnel.

8.    No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential – Attorneys' Eyes Only to any other person whomsoever, except to:

a.      counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

b.      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

c.  any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto and provided that the party retaining the expert or adviser follows the procedure set forth in Paragraph 11 herein before disclosing Highly Confidential – Attorneys' Eyes Only information to such person;

d.  court reporters and their staff;

e.  professional jury or trial consultants including mock jurors who have signed a confidentiality agreement;

f.  vendors that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors, provided the vendor has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

g.  the Court and its support personnel.

9.  No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential – Source Code to any other person whomsoever, except to:

a.  counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

b.  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

c.      up to four persons retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided each such person (and each member of their support staff with access to Highly Confidential – Source Code documents, who shall not be counted among the four persons referenced in this paragraph) has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto and provided that the party retaining the expert or adviser follows the procedure set forth in Paragraph 11 herein before disclosing Highly Confidential – Source Code information to such person;

d.      court reporters and their staff;

e.      professional jury or trial consultants; and

f.      the Court and its support personnel.

10.     Any source code produced in discovery shall be made available for inspection at an office of the producing person's counsel or another mutually agreed upon location. The parties will address in an ESI stipulation procedures governing source-code inspection and production.

11.     A receiving party who seeks to disclose to a person retained to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action ("expert") any information or item that has been designated Highly Confidential – Attorneys' Eyes Only or Highly Confidential – Source Code pursuant to Paragraphs 8-9 must first make a written request to the producing party that: (a) sets forth the full name of the expert, (b) attaches a copy of the expert's current resume, (c) identifies the expert's current employers and each person or entity who has compensated the expert for work in their area of expertise

in the past five years, (d) identifies each case in connection with which the expert has offered expert testimony or opinions in the past five years, and (e) identifies any patents or patent applications in which the expert is identified as an inventor or applicant, which the expert is involved in prosecuting or maintaining, or in which the expert has a pecuniary interest. If the expert believes any of this information is subject to a confidentiality obligation to a third party, then the expert should provide whatever information they believe can be disclosed without violating a confidentiality agreement and disclose that information has been withheld.

12.   A receiving party that makes a disclosure request and provides the information specified in Paragraph 11 may disclose the designated material to the expert unless, within 7 calendar days of delivering the request, they receive from the producing party a written objection. Any such objection must set forth in detail the grounds on which it is based. A receiving party that receives a timely written objection must meet and confer with the producing party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 7 calendar days of the written objection. If no agreement is reached, the receiving party seeking to make the disclosure to the expert may address the dispute to this Court in accordance with Paragraph 6 of this Court's Individual Rules and Practices in Civil Cases. In any such proceeding, the party opposing disclosure to the expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving party's need to disclose the material to its expert.

13.   Absent written consent from the producing party, any individual bound by this agreement who receives access to Highly Confidential – Attorneys' Eyes Only or Highly Confidential – Source Code information shall not be involved in the prosecution of patents or patent

applications directed to crisis response, situational networking, projections in connection with multi-dimensional personal information networks, or targeted advertising software, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims including, for example, original prosecution, reissue, and reexamination and other post-grant proceedings. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, post grant review, covered business method patent review, or *inter partes* review), provided that the challenge or defense does not include amending of claims. This prosecution bar shall begin when access to Highly Confidential – Attorneys' Eyes Only or Highly Confidential – Source Code information is first received by the affected individual and shall end two (2) years after final termination of this action. For the avoidance of doubt, the "prosecution bar" established by this paragraph shall only extend to those individuals bound by this agreement who receive access to Highly Confidential – Attorneys' Eyes Only or Highly Confidential – Source Code information and shall not extend by imputation or otherwise to any other individual at that individual's law firm who has not received access to Highly Confidential – Attorneys' Eyes Only or Highly Confidential – Source Code information.

8

14. All Confidential, Highly Confidential – Attorneys' Eyes Only, and Highly Confidential – Source Code Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential, Highly Confidential – Attorneys' Eyes Only, and Highly Confidential – Source Code Discovery Material itself, and not text that in no material way reveals such Discovery Material

15. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with Paragraph 6 of this Court's Individual Rules and Practices in Civil Cases.

16. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential, Highly Confidential – Attorneys' Eyes Only, and Highly Confidential – Source Code. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

17.    Each person who has access to Discovery Material that has been designated as Confidential, Highly Confidential – Attorneys' Eyes Only, and Highly Confidential – Source Code shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18.    The receiving party shall not load, import, submit, or otherwise transfer material designated Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code produced by the producing party to an open Large Language Model ("LLM") or other open Generative Artificial Intelligence ("AI") platform, nor may the receiving party utilize any closed LLM or AI platforms where the material so designated may be used  to train open models or otherwise made accessible to other users of the LLM or AI platform not authorized to receive such materials under this Order. Before the receiving party transfers any of the producing party's designated materials to a closed LLM or AI platform, the receiving party shall make reasonably sure that it can delete all such material from the platform at the final disposition of this action.  The receiving party will be responsible for destroying such produced information from such tools at the end of the matter, as set forth in Paragraph 25, below.

19.    Material designated Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code in this matter may contain technical data subject to export control laws and therefore the release of such technical data to foreign persons or nationals in the United States or elsewhere may be restricted. A party receiving such material shall take measures necessary to ensure compliance with applicable export control laws, including confirming that no unauthorized foreign person has access to such technical data. No material designated Confidential, Highly Confidential – Attorneys' Eyes Only, or

Highly Confidential – Source Code may leave the territorial boundaries of the United States of America, in either physical or electronic form. The viewing of designated material through electronic means outside the territorial limits of the United States of America is prohibited. The restrictions contained within this paragraph may be amended through the express written consent of a producing party to the extent that the agreed-to procedures conform with applicable export control laws and regulations.

20.    Pursuant to Federal Rule of Evidence 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

21.    If a disclosing party makes a claim of inadvertent disclosure of privileged or work-product-protected information, the receiving party shall not thereafter review the information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the information, and provide a certification of counsel that all such information has been returned or destroyed.

22.    Within five business days of the notification that the information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the information.

23.    As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the information. The receiving party should follow the procedures in Paragraph 6 of the Court's Individual Rules and Practices in Civil Cases and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

11

24. The disclosing party retains the burden of establishing the privileged or protected nature of any information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the information inadvertently disclosed.

25. Within 60 calendar days after the final disposition of this action, each receiving party must return all material designated Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code to the producing party or destroy such material except where such material exists on backup tapes or other disaster recovery systems that are routinely deleted or written over in accordance with an established routine system maintenance practice. As used in this paragraph, "all protected material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of material designated Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code.  Further, as used in this paragraph, "final disposition" refers to the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States, if applicable.  Whether such material is returned or destroyed, the receiving must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the protected material that was returned or destroyed and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the material.  Notwithstanding this provision,

counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain material designated Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code, with the exception of paper copies of source code.  Any such archival copies that contain or constitute such material remain subject to this protective order until a designating party agrees otherwise in writing or a court order otherwise directs.

26.    This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

Respectfully submitted,


 */s/ Naresh K. Kannan*
BARCLAY DAMON LLP
Douglas J. Nash
John D. Cook
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
(315) 425-2700
dnash@barclaydamon.com
jcook@barclaydamon.com

Naresh K. Kannan
80 State Street
Albany, NY 12207
(518) 429-4200
nkannan@barclaydamon.com

13

Daniel McGrath
BARCLAY DAMON LLP
160 Federal Street, Suite 1001
Boston, MA 02110
(617) 274-2900
dmcgrath@barclaydamon.com

Greg G. Gutzler
DiCello Levitt LLC
485 Lexington Avenue
Suite 1001
New York, New York 10017
ggutzler@dicellolevitt.com
(646) 933-1000

*Attorneys for Plaintiff SitNet LLC*

Any application to file material under seal pursuant to Paragraph 14 of this Protective Order shall be made in accordance with Section 10 of the Court's Individual Rules and Practices in Civil Cases.

/s/ Kathryn Bi
Kathryn Bi
Ryan Sheehan
George Harris
Melissa Budetti
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Tel: (212) 336-2320
kbi@pbwt.com
rsheehan@pbwt.com
gharris@pbwt.com
mbudetti@pbwt.com

*Attorneys for Defendant Meta Platforms, Inc.*

**SO ORDERED.**

Dated: December 15, 2025
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

14

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

SITNET LLC,

               Plaintiff,

   v.

META PLATFORMS, INC.,

               Defendant.

1:25-CV-06185

**NON-DISCLOSURE
AGREEMENT**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential, Highly Confidential – Attorneys' Eyes Only, and Highly Confidential – Source Code. I agree that I will not disclose such Discovery Material to anyone except as permitted under the Protective Order. I further agree that, that at the conclusion of the litigation, I will destroy all confidential information or return it to the party or attorney from whom I received it, and certify to having done so, as required under Paragraph 25 of the Protective Order. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____           _____