Patterson Belknap

www.pbwt.com

May 7, 2026

Kathryn Bi
Partner
(212) 336-2320
kbi@pbwt.com

Hon. Jeannette A. Vargas
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 703
New York, NY 10007

**Re: *SitNet LLC v. Meta Platforms, Inc.*, Case No. 25-cv-06185-JAV (S.D.N.Y.) [Rel. Case No. 1:23-cv-06389-JAV]**

Dear Judge Vargas:

We represent defendant Meta Platforms, Inc. ("Meta") in the above-captioned matter. Meta respectfully submits this letter to apprise the Court of a recent judicial decision and case development that bear on Meta's pending motion to dismiss for unpatentable subject matter under 35 U.S.C. § 101. *See* Dkt. No. 38.

*First*, on April 16, 2026, Judge Gregory B. Williams of the District of Delaware found a patent directed to the abstract idea of "providing real-time targeted advertising based on information known about a user" to be unpatentable under Section 101. *See B.E. Technology, L.L.C. v. Google LLC*, No. 20-cv-622 (GBW), 2026 WL 1031102, at *8–14 (D. Del. Apr. 16, 2026). In reaching that conclusion, the court found that (like the patents here) the asserted patent claimed steps for collecting, analyzing, and displaying information to users based on user data using only "conventional" computer components that did not provide an inventive concept. *See id.* A copy of this decision is attached as Exhibit A.

*Second*, in its opposition to Meta's motion, SitNet argued that dismissal would be premature until after the Court construes the claim term "situational network." *See* Dkt. No. 48 at 7–8. But SitNet did not request that this term be construed in the parties' Joint Claim Construction Chart. *See* Dkt. No. 52. Accordingly, the Court should disregard SitNet's contention that dismissal would be premature.

Respectfully submitted,

*/s/ Kathryn Bi*
Kathryn Bi

cc: All counsel of record (via ECF)